Samuels, J.
The plaintiff’s cause of action is set forth in a declaration of two counts.
In the first count he alleges a deceit by Boyles the intestate, in the sale of a diseased slave; and alleges that the plaintiff was induced to purchase by means of a false and fraudulent warranty of soundness.
In the second count he alleges a deceit in the sale of an unsound slave by Boyles the intestate, by means of a fraudulent concealment of the unsoundness of the slave. There is nothing in the record to show upon what proof the verdict was rendered.
These causes of action, and each of them, died with the vendor Boyles; if suit thereon had been brought *204 in his life time, it must have abated, by his death. The suii brought against his administrator, and revived against the administrator de bonis non, was for causes action no longer in existence. This appears from plaintiff’s, own showing; and judgment should have been rendered for the defendant, notwithstanding the verdict, unless the statute of jeofails, 1 Rev. Code, ch. 128, § 103, p. 511, may require a different judgment.
It is obvious to remark that notwithstanding the comprehensive terms of the statute, it was not thereby intended to cure all cases occurring before verdict: If such had been the purpose of the legislature, a simple and direct enactment to that end would have been the mode adopted. Instead of this-, an enumeration is given of particular errors, which, after verdict, shall not be relied on to stay or reverse the judgment; amongst them are these: “Any mistake or misconception of the form of action;” or “ any other defect whatsoever in the declaration or pleading, whether of form or substance, which might have been taken advantage of by demurrer, and which shall not have been so taken advantage of.”
In the enquiry whether either of these clauses of the statute includes the case before us, we may discard the second count of the declaration; that is clearly beyond the reach of help from the statute. The first count, in alleging the fraud, sets forth that it was perpetrated by means of a false warranty;, and it has been suggested .that this action on the case in form ex delicto, for the tort, the fraud in the deceit, was misconceived for an action on the warranty, and therefore is cured by the verdict. This I conceive cannot be so. The legislature cannot have intended to sustain a judgment because in a different form of action, and upon proof of other facts, a judgment might have been had for damages assessed by a different rule; and *205 thus, almost necessarily, different in amount. The verdict in this'case was rendered upon proof of fraud; for without such proof it could not have been rendered at all. See Trice v. Cockran, 8 Gratt. 442. Yet in an action on the warranty, fraud cannot be proven, being wholly immaterial to the cause of action. The ex'ors of Evertson v. Miles, 6 John. R. 138. In an action on a warranty of soundness, the measure of damages is the difference between the real value and the price paid. Tuck. Com. book 2, ch. 25, p. 353 of new edition ; Thornton v. Thompson, 4 Gratt. 121. In case for deceit there is, perhaps, no fixed rule for the assessment of damages; they are not limited, however, as in an action on the warranty; if so, they may go beyond those recoverable in an action on the warranty. Rice v. White, 4 Leigh 474; Brown v. Shields, 6 Leigh 440. An action is misconceived only in a case wherein, upon trial, the proof shows a cause of action fit to be asserted in a form different from that adopted; the defendant is held liable upon proof showing a liability; if no objection be made to the form of action until after verdict, the defect is cured thereby. To hold the defendant liable upon a cause of action not asserted, is going to the utmost verge of the statute even where such cause of action is proven; but to hold him liable for-such cause when not proven, or proven by evidence not admissible, if the suit, had been brought for that cause, is going beyond the letter and spirit of the law.
The other clause of the statute of jeofails, above referred .to, will not sustain the judgment. This clause was intended to aid defects of form or substance in pleading: If, however, a declaration sets forth no cause of action whatever, or a plea sets forth no defence whatever, the statute can give no aid. It extends to cases in which a portion ef the matter pleaded is *206 appropriate, but not to cases in which the matter pleaded, in all its parts, is merely nugatory.
The plaintiff having shown no cause of action whatever, I am of opinion to reverse the judgment; and on the authority of Brown v. Shields, 6 Leigh 440; Mason v. Farmers Bank at Petersburg, 12 Leigh 84; Ross v. Milne wife, 12 Leigh 204; Tompkins v. The Branch Bank, 11 Leigh 372, to enter judgment for the defendant, notwithstanding the verdict.
Moncure, J.
Case and assumpsit are concurrent remedies for a breach of a warranty contained in a simple contract of sale. Formerly case was the remedy, generally, if not always pursued. Recently, it has been found more convenient to declare in assumpsit, for the sake of adding the money counts. In Williamson v. Allison, 2 East’s R. 450, Lord Ellen-borough, C. J. said: “ The more modern practice had not prevailed generally above forty years. No other proof was required to sustain the former mode of declaring than the warranty itself and the breach of it.” The scienter was not necessary to be averred; nor, if averred, to be proved. The action, though in form ex •delicto., was in substance ex .contmxtu. It could probably have been maintained at common law against an executor on the warranty of his testator, although the general issue is “ not guilty,” and the general rule, as laid down by Lord Mansfield in Hambly v. Trott, Cowp. 371, was, that an action in which “ not guilty” was the general issue was a personal action which died with the person. Being formerly the" general, if not the only, form of action in such cases, it was probably used as well against executors as others. In Powel v. Layton, 5 Bos. & Pul. 370, Mansfield, C. J. seemed to be of opinion that case would lie against the executor of a carrier, the foundation of the action being essentially contract. The same principle would apply, *207 at least as strongly, to an action on the case for a breach of warranty.
But however this may be, I think the action might have been maintained under the equity of the statute, 1 Rev. Code of 1819, p. 390, § 64, which declared that “actions of trespass may be maintained by or against executors or administrators for any goods taken or carried away in the life time of the testator or intestate.” This section is an extension of the statute, 4 Edw. 3 ch. 7, de bonis asporlaiis, so as to .embrace actions brought against, as well as by executors and administrators. Vaughan's adm'r v. Winckler's ex'or, 4 Munf. 136; Lee v. Cooke's ex'or, Gilm. 331. The statute of Edw. 3 altered the rule, actio personalis moritur cum persona, only in its relation to personal property, and in favor of the personal representative of the party injured. But to that extent it has always received a very liberal construction. “ It has been observed that the taking of goods and chattels was put in the statute merely as an instance, and not as a restriction to- such injuries only; and that the term trespass must, with reference to the language of the times when the statute was passed, signify any wrong; and accordingly the statute has been construed to- extend to every description of injury to personal property by which it has been rendered less beneficial to the executor; whatever the form of action may be; so that an executor may support trespass or trover, case for a false return to final process, and case or debt for an escape, &c. on final process;”—-“ or debt against an executor suggesting a devastavit in the life time of the plaintiff’s testator ; or case against the sheriff for removing goods taken in execution, without paying the testator a year’s rent.” 1 Chit. PI. 69. Our statute being, as before stated, but an extension of the stat. of Edw. 3, should be construed in the same manner ; extending to defendants the same rule of construction which, under *208 the limited terms of that statute, had been applied only to plaintiffs. That such has been the case, is shown by the decisions already cited and others to be found in our reports.
But even if I be wrong in all this; and if, instead of an action on the case, the plaintiff should have brought an action of assumpsit against the administrator of Boyles in this case; yet, the defendant not having demurred to the declaration, but having pleaded the general issue, and verdict and judgment having been rendered thereon; I think the defect was cured by the statute of jeofails, 1 Kev..Code, p. 512, § 103; being, at most, but a mistake or misconception of the form of action, which is expressly embraced in that statute. The only difficulty I have had on the subject has arisen from the fact that the declaration contained two counts, one for a false warranty and the other for a deceit. The latter of course cannot be supported against-an administrator; and if it had been the only count in the declaration, the defect would not have been cured by the verdict. But as the plaintiff, by proving the breach of a warranty by simple contract of the defendant’s intestate, would have shown a good cause of action under the first count, though not in that form; and as the defendant could by motion have had the plaintiff’s evidence confined to that count, or an instruction to the jury to disregard the other count; and as every reasonable presumption should be made in fevor of the verdict, I think the verdict must be regarded as having been rendered on the first count, and the defect is therefore cured.
If the form of the action were the only objection to the judgment, I would -therefore be for affirming it. But it was erroneously rendered against the appellant de honis propriis; and it would be necessary on that ground to reverse it, and render a judgment of the goods of the intestate.
*209 I have not considered the objection taken to the judgment on account of the exclusion of portions of the depositions, deeming it unnecessary to do so, as the case is decided by a majority of this court on other grounds.